# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS S. WOOTERS, #B86630,  )<br>  )<br>  **Plaintiff,**  )<br>  )<br>vs.  )<br>  )<br>JAILER JORDAN,  )<br>JAILER MORRISON,  )<br>JAILER WILLIS, and  )<br>MARION COUNTY,  )<br>  )<br>  **Defendants.**  ) | Case No. 20-cv-00198-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Travis Wooters, an inmate formerly confined at East Moline Correctional Center,[1] brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at Marion County Jail ("Jail"). (Doc. 1). In the Complaint, Plaintiff claims that three jailers at Marion County Jail used excessive force against him and denied him medical care for his injuries. (*Id*. at 5-6). He includes no request for relief. (*Id*. at 7).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing his Complaint in the United States District Court for the Central District of Illinois, Plaintiff was incarcerated in East Moline Correctional Center. (Doc. 1, pp. 2, 7). However, he has since updated his address to a residence in East Saint Louis, Illinois. (*See* Doc. 18).

1

### The Complaint

Plaintiff makes the following allegations in the Complaint: During his detention at Marion County Jail in March 2018, Plaintiff was removed from his cell by Jailers Jordan, Morrison, and Willis, who took him into the hallway and began punching him in the face. (Doc. 1, pp. 5-6). One jailer shot him with a taser gun. (*Id.*). Another jailer held Plaintiff up off the ground, while the others continued beating him. (*Id.*). When Plaintiff fell onto the floor, the jailers continued attacking him and threatened to "break [his] neck." (*Id.*). Jailer Jordan later admitted that he was attempting to kill Plaintiff. (*Id.*). Although he was taken to the hospital for a CT scan, he never received the results. (*Id.*). Plaintiff suffered from head and back injuries that made it difficult to remember or walk. (*Id.*). The Jail's nurse refused to treat his pain or other injuries. (*Id.*).

Based on the allegations, the Court finds it convenient to designate the following two (2) claims in the *pro se* Complaint:

> **Count 1:** Fourteenth and/or Eighth Amendment claim against Defendants for subjecting Plaintiff to the unauthorized use of force at Marion County Jail in March 2018.
>
> **Count 2:** Fourteenth and/or Eighth Amendment claim against Defendants for denying Plaintiff medical care for the injuries he sustained during the jailer assault at Marion County Jail on March 2018.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

Count 1 survives screening against Jailers Jordan, Morrison, and Willis under the Fourteenth and/or Eighth Amendments. Although the applicable legal standard is not yet clear, this can be sorted out as the case proceeds. In order to bring an excessive force claim under the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

2

Fourteenth Amendment Due Process Clause, a pretrial detainee need only show that the force that was knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). In order to pursue this claim under the Eighth Amendment Cruel and Unusual Punishment Clause, a convicted person must show that force was applied "maliciously and sadistically." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The allegations suggest that all three jailers used unauthorized force against Plaintiff, in violation of his rights under the Fourteenth and Eighth Amendments. Accordingly, Count 1 shall receive further review against them.

Count 2 shall be dismissed without prejudice against all of the defendants. In order to state a claim under Section 1983, a plaintiff must establish that he was deprived of a constitutionally protected right by a defendant who acted under color of state law. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993). Liability requires personal involvement in or responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009). Plaintiff brings a claim for the denial of medical care, but he describes no refusal by the defendants to provide him with treatment. He was immediately taken to a hospital for treatment after the assault.

Plaintiff instead blames the Jail's nurse for denying his requests for CT results and treatment following his return to the Jail. Plaintiff did not name the nurse as a defendant. Therefore, Count 2 should be considered dismissed without prejudice against this non-party. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

Marion County shall also be dismissed because the Complaint states no claim for relief against this defendant. In order to obtain relief against a municipality, a plaintiff must allege that

3

the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 69-91 (1978); *see also Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2009). The pleading suggests no such thing. The County is mentioned nowhere in the statement of claim, and Plaintiff refers to no county policy, custom, or practice that resulted in the deprivation of his constitutional rights.

In summary, Count 1 shall proceed against Jailers Jordan, Morrison, and Willis and be dismissed without prejudice against Marion County. Count 2 shall be dismissed without prejudice against all defendants.

### Pending Motion

The Motion for Recruitment of Counsel (Doc. 5) is **DISMISSED** without prejudice, based on Plaintiff's failure to disclose any efforts to locate counsel on his own before seeking the court's help and his lack of any impediments to self-representation in this matter. He may renew this request by filing a new motion, if it becomes necessary to do so as the case proceeds.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening. **COUNT 1** will proceed against Defendants **JORDAN, MORRISON,** and **WILLIS**.

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** without prejudice against Defendant **MARION COUNTY**, and **COUNT 2** is **DISMISSED** without prejudice against all Defendants for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendant **MARION COUNTY** as a party in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **JORDAN**, **MORRISON**, and **WILLIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each

Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply under 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/22/2020**

s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.