UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS WOOTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00198-GCS |
| | ) |
| JORDAN JOHNSON, KOLTON MORRISON, and DYLAN WILLIS, | ) ) ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On September 25, 2020, the Court instructed Plaintiff to pay an initial filing fee of $2.76 or to demonstrate that he does not have the means to do so by November 24, 2020. (Doc. 32). Plaintiff filed a motion for an extension of time to pay the initial filing fee on November 10, 2020; the Court granted that motion on November 12, 2020. (Doc. 33 & 34). Plaintiff was then required to pay his initial filing fee by December 15, 2020. (Doc. 34).

The record reflects that Plaintiff has changed addresses since this case began. *See* (Doc. 33). However, when the clerk of the court sent documents related to the case to Plaintiff at his new address, the mail was returned as undeliverable. (Doc. 35). Plaintiff has neither paid his initial filing fee nor demonstrated that he does not have the means to do so. Accordingly, on December 30, 2020, the Court ordered Plaintiff to show cause, in writing, to explain why the case should not be dismissed for failure to prosecute on or before January 29, 2021. (Doc. 39). Plaintiff has not yet shown cause, and the time to do

so has since elapsed.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a Court may dismiss an action for failure of the plaintiff to prosecute or comply with a court order. *See* FED. R. CIV. PROC. 41(b). A dismissal under this rule is as an adjudication on the merits. *Id.* Although Plaintiff is proceeding *pro se*, and the Court is mindful of the difficulties he faces in doing so, Plaintiff is nevertheless required to comply with Court orders, including the order to pay his initial filing fee. Accordingly, the Court **DISMISSES** this action **with prejudice** pursuant to Rule 41(b). *See* FED. R. CIV. PROC. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). The case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

In an abundance of caution, and noting Plaintiff's *pro se* status, the Court advises Plaintiff as follows. Plaintiff has two means of contesting this order: he may either request this Court review this order, or he may appeal the order to the Seventh Circuit Court of Appeals.

If Plaintiff chooses to request this Court to review this order, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Plaintiff *must* file the motion within twenty-eight (28) days of the entry of judgment; the deadline *cannot* be extended. *See* FED. R. CIV. PROC. 59(e); 6(b)(2). The motion also must comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *See Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)(stating that a party must

establish either manifest error of law or fact, or that newly discovered evidence precluded entry of judgment in order to prevail on a Rule 59(e) motion) (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. *See* FED. R. APP. PROC. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. *See* FED. R. APP. PROC. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). However, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor*, 556 F.2d 818, 819–820 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

In contrast, if Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal from the entry of judgment or order appealed from *within 60 days*. *See* FED. R. APP. PROC. 4(a)(1)(B) (emphasis added). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. *See* FED. R. APP. PROC. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012)(explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011)(explaining the excusable neglect standard).

Plaintiff may appeal to the Seventh Circuit by filing a notice of appeal in this Court. *See* FED. R. APP. PROC. 3(a). The current cost of filing an appeal with the Seventh Circuit

is $505.00. The filing fee is due at the time the notice of appeal is filed. *See* FED. R. APP. PROC. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. PROC. 24(a)(1). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Plaintiff is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

Dated: February 16, 2021.

Digitally signed by Judge Sison 2
Date: 2021.02.16 08:42:21 -06'00'

_____

GILBERT C. SISON
United States Magistrate Judge